IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re

PAT NOBRIGA and LEE NOBRIGA,

    Debtors.

No. C 12-00907 JSW

**ORDER RE APPEAL**

    Now before the Court is the appeal of an order of sanctions in the amount of $4,000 from the United States Bankruptcy Court, Northern District, the Honorable Alan Jaroslovsky presiding ("Bankruptcy Court"). Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby REMANDS the action back to Bankruptcy Court for further findings.

    The district court reviews the decision to impose sanctions for a willful violation of the discharge injunction for abuse of discretion. *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1213 (9th Cir. 2002). Similarly, an award of emotional distress damages and the amount of such damages is reviewed for abuse of discretion. *In re Dawson*, 390 F.3d 1139, 1150 (9th Cir. 2004).

    Although it is clear that the Bankruptcy Court intended to levy civil sanctions against Appellant in the amount of $4,000, it is unclear from the record whether that amount was purely for compensatory damages (for the amount expended by Appellee for attorneys' fees and costs in bringing the sanctions motion) or for emotional distress suffered by Appellee when they received the original complaint seeking attorneys' fees, or for some combination of both. Although some reference was made to emotional distress during the hearing, such a finding was

not explicitly mentioned in the written order. (*See* Appellant's Excerpt of Record, Exs. 12, 14.)

Because this Court cannot discern the basis for the sanction order – either the reason for the award or for the specific amount – the Court must remand this action for further findings by the Bankruptcy Court. *See In re Dryer*, 322 F.3d 1178, 1198 (9th Cir. 2003) (remanding action because bankruptcy court did not make findings regarding reasonable attorneys' fees and costs). As Appellee did not submit any evidence either of emotional distress damages or the amount they expended for attorneys' fees and costs for bringing the motion, this Court cannot ascertain either the basis for the sanction or its amount.

Accordingly, the action is REMANDED to the Bankruptcy Court for further findings regarding its sanction order dated February 3, 2012.

**IT IS SO ORDERED.**
Dated: January 30, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2